# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PAUL ELTON FLETCHER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 18-2085-KHV |
| | ) | |
| ANDREW M. SAUL,* | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Paul Elton Fletcher appeals the final decision of the Commissioner of Social Security to deny disability and supplemental security income benefits under Titles II and XVI of the Social Security Act ("SSA"), 42 U.S.C. §§ 401-434. For reasons stated below, the Court reverses the Commissioner's decision and remands the case for further proceedings consistent with this order.

## Procedural Background

On May 28, 2014, plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, and a Title XVI application for supplemental security income. He alleged disability beginning on September 10, 2010. Transcript Of Administrative Record ("Tr."), attached to Answer (Doc. #8) filed June 1, 2018 at 26. Initially and upon reconsideration, the agency denied plaintiff's application. At plaintiff's request, an administrative law judge ("ALJ") held a hearing on December 8, 2016. Tr. 26. On February 9, 2017, the ALJ determined that plaintiff was not disabled within the meaning of the SSA. On March 3, 2017, plaintiff

---

\* On June 4, 2019, Andrew M. Saul was confirmed as Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for former Commissioner Nancy A. Berryhill as defendant in this suit.

requested review by the Appeals Council and submitted as new evidence the medical source statement of Elizabeth Garton, PMHNP, medical evidence from Devendra K. Jain, M.D., and an appeal brief. Tr. 1-2, 205. The Appeals Council accepted and made part of the record only the appeal brief. On January 8, 2018, the Appeals Council denied plaintiff's request for review of the ALJ decision, which therefore stands as the final decision of the Commissioner. See 42 U.S.C. §§ 405(g), 1383(c). Plaintiff appeals.

**Factual Background**

Plaintiff was born on September 7, 1982. He has a high school education and claims disability beginning on September 10, 2010, when he was 28 years old, because of degenerative disc disease of the lumbar spine, right shoulder impingement, right carpal tunnel syndrome, depression, bipolar and anxiety. Plaintiff was previously employed as a truck driver. Before that, he was an auto mechanic and a construction worker.

The ALJ held a hearing on December 8, 2016. In his order, dated February 9, 2017, the ALJ concluded as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since September 10, 2010, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, right shoulder impingement, right carpal tunnel syndrome status post release, depression, and anxiety (20 CFR 404.1520(c) and 416.920(c)). * * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). * * *

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally climb ladders, ropes, or scaffolds. He can frequently climb ramps and stairs, balance, stoop, kneel, crouch and crawl. He can frequently handle with the right upper extremity. He is limited to occasional exposure to vibrations and hazardous conditions. He is able to understand, remember, and carry out simple instructions. * * *

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965). * * *

7. The claimant was born on September 7, 1982 and was 28 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)). * * *

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 10, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)). * * *

Tr. 28-40.

On March 3, 2017, plaintiff appealed the ALJ's decision to the Appeals Council. Plaintiff included in his appeal a mental residual functional capacity assessment from Elizabeth Garton, PMNHP, who had treated plaintiff over a two-year period. Tr. 19-22. She opined that plaintiff suffered extreme impairment in his ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, complete a normal workday/workweek

without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number or length of rest periods. Tr. 21. She stated that plaintiff experienced marked impairment in his ability to maintain attention and concentration for extended periods, work in coordination with or in proximity to others without being distracted by them, accept instructions and respond appropriately to criticism from supervisors and get along with coworkers and peers without distracting them or exhibiting behavioral extremes. Tr. 20-21. Garton stated that plaintiff was moderately impaired in his ability to understand, remember and carry out detailed instructions, sustain an ordinary routine without special supervision, interact appropriately with the general public, respond appropriately to changes in work setting, travel in unfamiliar places or use public transportation and set realistic goals or make plans independently of others. She noted that plaintiff suffered from flashbacks and nightmares, which caused increased anxiety and anger episodes, and that he had bipolar disorder and cyclic moods, which interfered with his ability to interact with others in a normal, stable way. She did not believe that he could work full-time and sustain gainful employment. Tr. 21. She anticipated that plaintiff would miss work more than three times a month due to his impairments and that he had functioned at this level since approximately 2011. Tr. 22.

On January 8, 2018, the Appeals Council denied plaintiff's request for review, stating in part as follows:

> You submitted reasons that you disagree with the decision. We considered the reasons and exhibited them on the enclosed Order of the Appeals Council. We found that the reasons do not provide a basis for changing the Administrative Law Judge's decision. * * *
>
> We found no reason under our rules to review the Administrative Law Judge's decision. Therefore, we have denied your request for review. * * *

We applied the laws, regulations and rulings in effect as of the date we took this action.

Under our rules, we will review your case for any of the following reasons:

- The Administrative Law Judge appears to have abused his or her discretion.

- There is an error of law.

- The decision is not supported by substantial evidence.

- There is a broad policy or procedural issue that may affect the public interest.

- We receive additional evidence that you show is new, material, and relates to the period on or before the date of the hearing decision. You must also show there is a reasonable probability that the additional evidence would change the outcome of the decision. You must show good cause for why you missed informing us about or submitting it earlier. * * *

You submitted Medical Source Statement - Mental from Elizabeth Garton, PMNHP dated March 21, 2017 (5 pages); and Medical Evidence of Record from Devendra K. Jain, M.D. dated June 12, 2013 (1 page). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence.

Tr. 1-2. The Appeals Council did not make Dr. Garton's opinion part of the administrative record. See Tr. 4, AC Exhibits List (listing only Exhibit 12B, Request for Review of Hearing Decision from Roger Driskill received on March 3, 2017).

## **Standard Of Review**

The Court reviews the Commissioner's decision to determine whether it is "free from legal error and supported by substantial evidence." Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009); see 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Wall, 561 F.3d at 1052 (quoting Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007)). It requires "more than a scintilla, but less than a preponderance." Id. (quoting Lax, 489 F.3d at 1084). Whether substantial evidence supports the

Commissioner's decision is based on the record taken as a whole. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). Evidence is not substantial if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." Grogan v. Barnhart, 399 F.3d 1257, 1261-62 (10th Cir. 2005). To determine if substantial evidence supports the decision, the Court will not reweigh the evidence or retry the case, but will meticulously examine the record as a whole, including anything that may undercut or detract from the Commissioner's findings. Flaherty v. Astrue, 515 F.3d 1067, 1070 (10th Cir. 2007).

## Analysis

Plaintiff bears the burden of proving disability under the SSA. Wall, 561 F.3d at 1062. Plaintiff is disabled if he has a severe physical or mental impairment which prevents him from engaging in any substantial gainful activity, and which is expected to result in death or to last for a continuous period of at least 12 months. Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993); see 42 U.S.C. § 423(d)(1)(A). The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R § 404.1520; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010). In the first three steps, the Commissioner determines whether (1) plaintiff has engaged in substantial gainful activity since the alleged onset, (2) plaintiff has a severe impairment or combination of impairments and (3) the severity of any impairment is equivalent to one of the listed impairments that are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i)-(iii); see Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988). If plaintiff satisfies steps one, two and three, the Commissioner will automatically find him disabled. If plaintiff satisfies steps one and two but not three, the analysis proceeds to step four.

At step four, the ALJ must make specific factual findings regarding plaintiff's abilities in three phases. See Winfrey v. Chater, 92 F.3d 1017, 1023-25 (10th Cir. 1996). First, the ALJ

determines plaintiff's physical and mental residual functional capacity ("RFC").  Id. at 1023.  Second, the ALJ determines the physical and mental demands of plaintiff's past relevant work.  Id.  Third, the ALJ determines whether despite the mental and/or physical limitations found in phase one, plaintiff has the ability to meet the job demands found in phase two.  Id.; Henrie v. U.S. Dep't of HHS, 13 F.3d 359, 361 (10th Cir. 1993).  If plaintiff satisfies step four, i.e. if plaintiff shows that he is not capable of performing past relevant work, the burden shifts to the Commissioner to establish at step five that plaintiff can perform other work in the economy.  Williams, 844 F.2d at 751.

Plaintiff asserts that the Commissioner erred by not considering the opinion of Elizabeth Garton, PMHNP, which he submitted to the Appeals Council on March 21, 2017.  See Tr. 19-22.  He asserts that the Appeals Council failed to consider this new and material evidence which contradicted the ALJ's RFC determination and that the Court should require the Commissioner to weigh and consider it.  Plaintiff's Initial Brief (Doc. #9) filed July 16, 2018 at 27; Plaintiff's Reply Brief (Doc. #11) filed August 29, 2018 at 5.  Plaintiff asserts that under 20 C.F.R. 404.970(b), "[t]he Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision."  Plaintiff's Reply Brief (Doc. #11) at 5 (quoting 20 C.F.R. § 404.970(b) (2015)).

The Commissioner states that the Appeals Council found that Dr. Garton's opinion "did not show a reasonable probability that it would change the outcome of the ALJ's decision."  Commissioner's Brief (Doc. #10) at 14 (citing current version of 20 C.F.R. § 404.970(a)(5) (2017)).  The Commissioner also asserts that this Court should give Garton's opinion "limited weight" and that her opinion "did not undermine the substantial evidence supporting the ALJ's decision—more specifically, the mental RFC."  Id.  He asserts that "the Appeals Council was

warranted in concluding that Ms. Garton's opinion did not show a reasonable probability that it would change the outcome of the decision, and this Court should not revisit that determination." Id. at 16.

Where, as here, the Appeals Council explicitly stated that it did <u>not</u> accept and consider the new evidence and did <u>not</u> make it part of the administrative record, the Court considers whether the Appeals Council should have considered the additional evidence. See <u>Kiro v. Berryhill</u>, No. 18-89 SCY, 2019 WL 1331903, at *5 (D.N.M. Mar. 25, 2019). The Court reviews de novo whether evidence qualifies for consideration by the Appeals Council. <u>Id.</u> (citing <u>Krauser v. Astrue</u>, 638 F.3d 1324, 1328 (10th Cir. 2011)). The Appeals Council should consider additional evidence if it is new, material and relates to the period on or before the date of the ALJ's decision. <u>Padilla v. Colvin</u>, 525 F. App'x. 710, 712 (10th Cir. 2013). When the Appeals Council fails to consider qualifying evidence, the Court remands for further proceedings. <u>Chambers v. Barnhart</u>, 389 F.3d 1139, 1142 (10th Cir. 2004).

The parties do not dispute that Garton's opinion is new and chronologically pertinent. Therefore, the question before the Court is whether her opinion is material. Before the Court can address this question, it must iron out an important wrinkle.

I.      **Amendment To Section 404.970**

On December 16, 2016 (<u>i.e.</u>, after plaintiff's hearing but before the ALJ decision, plaintiff's appeal and the Appeals Council decision), the Social Security Administration updated its regulations regarding review by the Appeals Council. See <u>Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process</u>, 81 Fed. Reg. 90,987 (Dec. 16, 2016). The new regulations became final on January 17, 2017, but the Administration did not require compliance with the new regulations until May 1, 2017. <u>Id</u>.

Previously, the relevant portion of the regulations, titled "Cases the Appeals Council will review," stated as follows:

> (b) If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. <u>The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.</u>

20 C.F.R. § 404.970 (2015) (emphasis added). Effective January 17, 2017, the relevant portion states as follows:

> (a) The Appeals Council will review a case if— * * *
>
> > (5) Subject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and <u>there is a reasonable probability that the additional evidence would change the outcome of the decision</u>.
>
> (b) The Appeals Council will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence. . . * * *

20 C.F.R. § 404.970 (2017) (emphasis added).

Under the older version of 20 C.F.R. § 404.970, the Tenth Circuit held that evidence is material "if there is a reasonable possibility that it would have changed the outcome." Threet v. Barnhart, 353 F.3d 1185, 1191 (10th Cir. 2003). The amendment to Section 404.970 changed the materiality standard to one of "reasonable *probability*," 20 C.F.R. § 404.970(a)(5) (emphasis added). In addition, the amendment separates from the materiality requirement the obligation to show a reasonable probability of a different outcome.[1] See Jones v. Berryhill, No. 17-703, 2018

---

[1] Although courts in this circuit have noted this change, the Tenth Circuit has not yet addressed the difference between the two standards.

WL 3849914, at *5 (M.D.N.C. Aug. 13, 2018). Although some courts have held that the new regulations apply to cases that were *pending* before the Appeals Council after the compliance date, see Bisbee v. Berryhill, No. 18-0731-SMV, 2019 WL 1129459, at *3 n.4 (D.N.M. Mar. 12, 2019), one judge in the District of Kansas has held otherwise.

In Potter v. Berryhill, No. 17-4050-JWL, 2018 WL 4052205, at *5 (D. Kan. Aug. 24, 2018), the Court held that the Appeals Council should not have applied the new regulations to deny review of an ALJ decision on May 8, 2017, i.e. after the compliance date. The Appeals Council had denied the claimant's request for review and declined to consider additional evidence which the claimant had submitted. The Appeals Council had stated that "the evidence does not show a reasonable probability that it would change the outcome of the decision." Id. Citing numerous regulations, the Court noted that the Commissioner had repeatedly acknowledged that federal courts review the Commissioner's final decisions in accordance with rules in effect at the time of the final decision. Id. at *6. The Court further stated as follows:

> The reasons for this seem evident—that the date of the final decision is the date at which the ALJ (or the Appeals Council, if it made the final decision) applied the law in effect on that date and determined if the claimant was disabled; that if the claimant files a subsequent application, it can relate back only to the day after the final decision, absent reopening of that decision; that judicial review is to consider whether the final decision applied the correct legal standard, and whether the record evidence supports the decision reached; and that subsequent changes to the law should not be applied to the claimant without notice and the opportunity to meet the requirements of the new law.
>
> Since at least 1980, claimants have been permitted to submit new and material evidence to the Appeals Council. 20 C.F.R. § 404.970 (1981) ("If new and material evidence is submitted with the request for review, the Appeals Council shall evaluate the entire record.") (effective Aug. 5, 1980). Effective February 9, 1987, the regulation was changed to require that the Council consider the new and material evidence submitted "only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970 (1987). That requirement did not change for thirty years until May 1, 2017, two years after the date of the final decision in this case. 20 C.F.R. § 404.970 (2017).

> Applying the law in effect when the final decision issued in this case, the court finds that it was error for the Appeals Council to fail to make the admittedly new and material evidence a part of the administrative record in this case and to consider it when deciding whether to review the ALJ's decision.

Potter, 2018 WL 4052205, at *6 (underline in original).

Although Potter involved a more drastic time gap, the Court nevertheless finds that its reasoning applies here.[2] In its decision to deny review dated January 8, 2018, the Appeals Council should not have applied the new regulations and required plaintiff to show a reasonable *probability* that the additional evidence would change the outcome of the ALJ decision. Plaintiff submitted the additional evidence in March of 2017 and the ALJ issued his decision on February 9, 2017, which became the final decision of the Commissioner when the Appeals Council denied review. Thus, plaintiff was only required to show that the evidence was new, chronologically relevant and material (i.e., a reasonable *possibility* that it would have changed the outcome). 20 C.F.R. § 404.970 (2015); see Threet, 353 F.3d at 1191.

## II. Dr. Garton's Statement

Dr. Garton's statement is material. The ALJ concluded that plaintiff is limited to "unskilled work to accommodate his moderate limitations in remembering and applying information such that he is able to understand, remember, and carry out simple instructions." Tr. 38. The basic demands of unskilled work include the abilities to, on a sustained basis, (1) understand, carry out, and remember simple instructions; (2) make judgments that are commensurate with the functions of unskilled work, i.e., simple work-related decisions; (3) respond appropriately to supervision, coworkers and work situations; and (4) deal with changes

---

[2] In Potter, the claimant had filed her claim and the ALJ had issued the decision before the Commission had even issued a notice of proposed rulemaking regarding the new regulations. Potter, 2018 WL 4052205, at *3.

-11-

in a routine work setting.  See Social Sec. Admin., DI § 25020.010(B)(3)(m), Program Operations Manual System (POMS), https://secure.ssa.gov/apps10/poms.nsf/lnx/0425020010 (last visited Aug. 5, 2019).  Dr. Garton found marked impairments in plaintiff's ability to accept instructions and respond appropriately to criticism from supervisors and in his ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes.  Tr. 21.  She also found that he is moderately limited in his ability to respond appropriately to changes in the work setting and that his impairments would cause him to be absent from work more than three times a month.  She further found that he had extreme impairments in two categories, that his limitations began in approximately 2011 and that she did not believe plaintiff would be able to sustain gainful employment.  Tr. 20-21.  In other words, Dr. Garton's opinion contradicts the ALJ determination that plaintiff can perform unskilled work.  Her opinion has a reasonable possibility of changing the outcome and is therefore material.

## Conclusion

Plaintiff has shown a reasonable possibility that Dr. Garton's opinion regarding plaintiff's mental RFC would have changed the outcome and thus that the Appeals Council should have considered it in deciding whether to review the ALJ's decision.  Because this issue is dispositive, the Court need not address the remaining errors which plaintiff alleges.[3]  Plaintiff may make arguments regarding those matters to the Commissioner on remand.

---

[3]     Plaintiff also asserts that the ALJ (1) failed to assess plaintiff's RFC on a function-by-function basis before stating the exertional level; (2) erred in assessing the third-party statement of plaintiff's wife; (3) relied on his own medical expertise to determine plaintiff's mental RFC; (4) failed to account for certain limitations in his hypothetical to the vocational expert; (5) contradicted the medical evidence; and (6) failed to properly consider the reason for plaintiff's lapse in treatment.

**IT IS THEREFORE ORDERED** that the Commissioner's final decision shall be **REVERSED** and that the case shall be **REMANDED** pursuant to the sixth sentence of 42 U.S.C. § 405(g) for the new and material evidence to be taken and considered.

**IT IS FURTHER ORDERED** that the parties will comply with the requirements of D. Kan. Rule 83.7.2.[4]

**IT IS FURTHER ORDERED** that within **120 days** from the date of this order, the Commissioner shall file with the Court additional or modified findings of fact, any amended or modified decision and a transcript of the hearing, including all evidence and testimony. The Court retains jurisdiction over this case while this matter is on remand to the Commissioner. This case shall be **STAYED** while the matter is on remand to the Commissioner. Once the Commissioner files in this Court the additional or modified findings of fact, any amended or modified decision and a transcript of the hearing including all evidence and testimony taken, the Court shall lift the stay and schedule further proceedings as necessary.

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** until the Court lifts the stay.

---

[4] Pursuant to D. Kan. Rule 83.7.2 and 42 U.S.C. § 405(g), if the Commissioner's decision on remand is not fully favorable to plaintiff, the Commissioner shall file with the Court the transcript of the proceeding upon which he based his decision. At that time, the U.S. Attorney's Office for the District of Kansas shall contact plaintiff to determine whether he intends to further pursue the case. If plaintiff does not intend to further pursue the case, the parties must file a stipulation of dismissal pursuant to Rule 41(a)(1), Fed. R. Civ. P., within 14 days of the date on which the Commissioner files the transcript. If plaintiff intends to pursue the case following remand, he must file an amended complaint within 14 days of the date the Commissioner files the transcript, thereby making clear that he intends to challenge the unfavorable decision of the Commissioner following remand. The Commissioner must then file an answer within 14 days of the date plaintiff files his amended complaint. The Court will then set the case on a briefing schedule. If plaintiff takes no action within 14 days of the date the Commissioner files the transcript, the Court may schedule a conference to discuss the status of the case.

Dated this 9th day of August, 2019 at Kansas City, Kansas.

                                         s/ Kathryn H. Vratil
                                         KATHRYN H. VRATIL
                                         United States District Judge