## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PAUL ELTON FLETCHER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 18-02085-KHV |
| | ) | |
| ANDREW M. SAUL,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On February 20, 2018, plaintiff filed a complaint appealing the final decision of the Commissioner of Social Security that denied disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-434. This matter is before the Court on defendant's Motion To Dismiss As Untimely Plaintiff's Amended Complaint Following Remand Under Sentence Six of 42 U.S.C. § 405(g) (Doc. #23), filed October 26, 2020. For the reasons stated below, the Court overrules defendant's motion.

### Factual Background

On February 20, plaintiff filed a complaint appealing the final decision of the Commissioner of Social Security. See Complaint (Doc. #1). On August 9, 2019, the Court reversed the Commissioner's final decision and remanded pursuant to sentence six of 42 U.S.C. § 405(g). On August 17, 2020, following further administrative proceedings, defendant filed an administrative transcript of the further proceedings. See Social Security Administrative Record

---

[1]       On June 4, 2019, Andrew M. Saul became the Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for former Commissioner Nancy A. Berryhill as defendant.

(Doc. #20).   Under the local rule, plaintiff had until August 31, 2020—14 days after the filing of the transcript—to respond by filing a stipulation of dismissal pursuant to Fed. R. Civ. P. 41(a)(1) or an amended complaint.   See D. Kan. Rule 83.7.2.   Here, plaintiff filed an amended complaint on October 15, 2020, after the deadline had passed.   See Amended Complaint (Doc. #22).

## Analysis

Defendant argues that the Court should dismiss plaintiff's amended complaint as untimely. Defendant notes that pursuant to Local Rule 83.7.2, the U.S. Attorney's Office contacted plaintiff on two occasions to determine whether he intended to file an amended complaint.   Motion To Dismiss (Doc. #23), ¶ 6.   Defendant states that plaintiff did not respond.   Id.

Plaintiff does not dispute that his amended complaint is untimely.   Response (Doc. #24), ¶ 1.   Plaintiff explains that he did not properly calendar the matter because Sentence Six remands are unusual.   Id.   Plaintiff also notes that on multiple occasions, he consented to defendant's requests for extension of time.   Id., ¶ 3.   Finally, plaintiff notes that the local rule does not require automatic dismissal for untimely filings.   Id., ¶¶ 4–5.

Plaintiff essentially seeks leave to file an amended complaint out of time.   Pursuant to D. Kan. Rule 6.1, a party must file a motion for extension of time before the specified time expires. D. Kan. Rule 6.1(a).   After the specified time expires, the Court will not grant extensions of time absent a showing of excusable neglect.   Id.   Here, plaintiff did not request an extension of time before the specified time to respond expired.   Thus, he must show excusable neglect.   See id.

Excusable neglect is a "somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant."   Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 392 (1993).   The determination whether neglect is excusable is an equitable one that requires the Court to consider all relevant circumstances, including (1) the

danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether movant acted in good faith.  Id. at 395; Bishop v. Corsentino, 371 F.3d 1203, 1206 (10th Cir. 2004).

Plaintiff states that counsel improperly calendared the matter due to its unique nature. Response (Doc. #24), ¶ 1.  Ordinarily, mistakes by counsel do not constitute excusable neglect. See, e.g., Self v. Lansing Unified Sch. Dist. No. 469, No. 13-2487-KHV, 2014 WL 6678632, at *1–2 (D. Kan. Nov. 25, 2014) (citing Pioneer Inv., 507 U.S. at 392).   In this case, however, the circumstances weigh in favor of allowing plaintiff leave to file his amended complaint out of time. In particular, defendant has not argued that he will suffer prejudice by allowing plaintiff to pursue his claim under the amended complaint.   Aside from noting the untimely nature of the complaint, defendant has not provided any additional reason why the complaint should be dismissed.   While plaintiff's amended complaint is untimely, it is not egregiously so.   Although the reason for the delay was entirely within counsel's control, the record does not suggest that plaintiff or his counsel acted in bad faith.   These factors considered, dismissal is an inappropriate remedy.   See D. Kan. Rule 83.7.2 (suggesting court-scheduled conference rather than dismissal when plaintiff does not file timely amended complaint in Sentence Six remand).

**IT IS THERFORE ORDERED** that defendant's Motion To Dismiss As Untimely Plaintiff's Amended Complaint Following Remand Under Sentence Six of 42 U.S.C. § 405(g) (Doc. #23) filed October 26, 2020 is **OVERRULED.**

Dated this 28th day of December, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge